# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06cr50

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| GRANDON MARTINEZ PARKS ) | |
| ) | |

**THIS MATTER** is before the Court upon the government's Notice of Appeal and Motion for Revocation of Defendant's Bond.[1] (Doc. No. 49). For the reasons stated below, the Court will REVOKE the release order and detain the defendant pending trial.

The defendant was indicted on March 2, 2006, for conspiring to commit a Hobbs Act robbery of a Petro Express convenience store (Count Two), for committing and aiding and abetting the commission of the robbery (Count Three), and for using and carrying and aiding and abetting the using and carrying of a firearm during and in relation to that crime of violence (Count Four). (Doc. No. 1: Indictment).

At a detention hearing on March 22, 2006, information was presented that the defendant and two others planned to rob the Petro Express and went there on November 13, 2005, armed with a handgun and wearing ski masks. The defendant admitted planning the robbery of the store where he used to work and providing the gun used in the robbery. When the defendant and the two others encountered a store clerk outside the store, they took the employee and locked him in a refrigerated cooler. Then they demanded that the store manager open the safe while brandishing a firearm and threatening him. A customer came into the store during the robbery. The defendants

---

[1] Although styled as a Notice of Appeal, 18 U.S.C. § 3145(a) provides for review of a release order by a motion to revoke or amend the order.

then allegedly locked the customer in the cooler with the store clerk. One of the victims used a cell phone to call 911. The police arrived and caught the defendants in the store. According to the government, the robbery was caught on video tape which includes audio. The defendant presented information that he was a good football player, was attending high school, was employed, and had a chance to play football at a local college following graduation.

At the conclusion of the hearing, the magistrate judge recognized that he was taking a chance, but released the defendant on conditions, including home detention with electronic monitoring. (Doc. No. 10: Order). While on supervision, the defendant admitted using marijuana. after a positive drug screen on May 10, 2006. On June 20, 2006, the defendant appeared for another test, but refused to give a sample. Later that day, he sent another person with the defendant's identification card to take drug test. Although the defendant's home detention required electronic monitoring, the phone at the house was disconnected on June 14, 2006. The monitoring equipment recorded daily violations for the next week where the defendant was absent without leave for up to five and a half hours at a time. At a hearing on these violations, the defendant admitted using marijuana and sending someone else to take the drug test. However, he explained that he spent time with his girlfriend in a shed with a couch on the premises of his residence and supposed the monitoring equipment recorded this as a violation. The magistrate judge credited this explanation for the home detention violations. In response to the drug violations, the magistrate judge ordered the defendant into drug treatment and allowed him to remain on bond. The government's motion followed.

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial release order. United States v. Stewart,

19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

The Court has carefully conducted a de novo review of the evidence presented before the magistrate judge and the entire record in this case and finds the magistrate judge's decision to allow the defendant to remain on conditions of release the defendant was in error.

The defendant's admission at the hearing of marijuana use establishes probable cause to believe the defendant had violated a federal, state or local law while on release (possession of marijuana). 18 U.S.C. § 3148(b)(1)(A). The defendant's admission of obstructing drug testing establishes that he violated other conditions of release.[2] 18 U.S.C. § 3148(b)(1)(B).

Considering the factors in § 3142(g), the Court finds that no conditions or combination of conditions of release would reasonably assure the safety of any other person or the community. 18 U.S.C. § 3148(b)(2)(A). The nature of this offense was extremely violent, involving brandishing a gun, locking a store clerk and customer in a cooler, and threatening the store manager. 18 U.S.C. § 3142(g)(1). The evidence against the defendant is strong, including an audio-video recording of the robbery and the defendant's confession that he planned the robbery and provided the gun. 18

---

[2]Given the defendant's admitted drug use and drug test obstruction, it is not necessary for the Court to determine whether the defendant violated home detention. Even so, the defendant's explanation regarding those violations is not credible. No home detention violations occurred before June 14, when the disconnection of the house phone provided the defendant the opportunity to believe he could avoid detection for leaving the house. Following the week of unexcused absences from the house, the defendant sent a surrogate to take a drug test because he had used marijuana during that time. It is incredible that the defendant spent all of that time in an un-air-conditioned shed in the heat of the summer.

U.S.C. § 3142(g)(2). The defendant has a history of drug use and violating conditions of release. 18 U.S.C. § 3142(g)(3)(A). Although the defendant has family support, he was living at home at the time of the offense and bond violations. 18 U.S.C. § 3142(g)(3)(A). The defendant was on probation at the time of this offense. 18 U.S.C. § 3142(e)(3)(B). Thus, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were released.

Finally, the Court finds that the defendant is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(2)(B). At the initial hearing, the defendant asserted that the robbery was a mistake by an otherwise law-abiding young man. The pretrial services report shows that the defendant was on probation at the time of the offense and that the defendant had been arrested previously for possession of marijuana at a time when another controlled substance charge was pending for deferred prosecution. Given that conduct, the instant violations, and the defendant's dishonesty regarding the violations, the Court finds that the defendant will not comply with conditions of release.

**IT IS, THEREFORE, ORDERED** that the magistrate judge's release order (Doc. No. 10) is **REVOKED** and the defendant is committed to the custody of the Attorney General.

**IT IS FURTHER ORDERED** that, to the extent practicable, the defendant shall be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance with a court proceeding.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation office.

The Clerk is further directed to issue a warrant for the defendant's arrest, and upon execution, the defendant is to be held without bond.

Signed: July 24, 2006

Robert J. Conrad, Jr.
Chief United States District Judge